**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


LEONARD LLOYD,

        Petitioner-Appellant,

v.

VINCENT ADAMS, Warden,

        Respondent-Appellee.

No.   14-56239

D.C. No.
2:13-cv-06129-JAK-JPR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 4, 2016**
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Petitioner Leonard Lloyd appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition. The facts of this case are known to the parties, and

we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lloyd argues that the state court unreasonably applied clearly established federal law and unreasonably determined the facts when it held that Lloyd had not demonstrated prejudice "sufficient to undermine confidence in the outcome" from his lawyer's failure to call Charde Ray as a witness. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Lloyd's argument fails.

Ray's testimony concerning the shooter's height would have been cumulative. Although it is true that Ray stated that she believed the shooter to be shorter than 6'4", no fewer than three witnesses testified similarly. At most, Ray merely repeated Tammy Favazza's description of the shooter's height *and* her uncertainty that such a description was correct. As such, Ray's testimony "would have offered [only] an insignificant benefit, if any at all." *Wong v. Belmontes*, 558 U.S. 15, 23 (2009). Moreover, Ray's testimony also may have hurt Lloyd's case more than helped it, by corroborating various prosecution witnesses who stated the shooter was Hispanic, that the shooter wore a black hoodie like one regularly worn by Lloyd, and that the killings were race-related.

Lloyd's argument that his attorney promised to call Charde Ray also lacks merit. Read in context, counsel's mention of Ray was clearly an attempt to point out weaknesses in the prosecution's case, nothing more. But even assuming counsel meant to convey an intention to call Ray, that expressed intention was only

conditional. Such a "lack of certainty is fatal to . . . [a] claim that a promise was made." *Saesee v. Mcdonald*, 725 F.3d 1045, 1050 (9th Cir. 2013).

**AFFIRMED.**